OPINION
{¶ 1} The State of Ohio appeals from the dismissal, with prejudice, of a criminal action against defendant-appellee Calvin C. Jones, Jr. The State contends that the trial court abused its discretion by dismissing with, rather than without, prejudice.
 {¶ 2} We conclude that, because there is no evidence in the record that Jones's *Page 2 
constitutional or statutory rights had been violated, the trial court abused its discretion when it dismissed this action with prejudice. Accordingly, the order of the trial court dismissing this cause with prejudice is modified to be an order dismissing this cause without prejudice, and, as modified, is Affirmed.
 I {¶ 3} In December 2006, Jones was operating a motor vehicle when he struck, and killed, a teenaged pedestrian who was crossing Airway Road. The teenager was not using the cross-walk. Following the accident, Jones was taken to the Riverside Police Department where he submitted to a urine test, which allegedly revealed the presence of marijuana.
 {¶ 4} Jones was charged with Operating a Motor Vehicle Under the Influence of Marijuana, in violation of R.C. 4511.19(A)(1)(A). He filed a motion to suppress the results of the urine test. Jones argued that the urine test was "not taken voluntarily and [was] unconstitutionally coerced." He further argued that the test was not conducted in accord with all applicable rules.
 {¶ 5} A hearing on the motion to suppress was set for October 11, 2007. On that date, the hearing was continued to October 18, at the request of the State. During the hearing on October 18, the prosecutor indicated that the State did not have sufficient evidence to prosecuteat that time, and asked the trial court to dismiss the action, without prejudice. The trial court stated that it would dismiss the action with prejudice, because the State had not been ready to proceed earlier, on October 11, and was still not ready to prosecute the action. The State did not object. The trial court *Page 3 
subsequently entered the following order:
 {¶ 6} "This was an OVI case against Calvin Jones, Jr., that was dismissed with prejudice. The prosecutor held two pretrial conferences and then the matter was scheduled for a Motion to Suppress. The State of Ohio moved for a continuance of the Motion to Suppress on October 11, 2007. At that time the parties were advised there would be no other continuances. The matter was rescheduled for a hearing on October 18, 2007.
 {¶ 7} "The hearing was never held. On October 18, 2007, the State of Ohio moved for a dismissal without prejudice. The prosecutor explained that the State did not have any evidence to show the THC in the Defendant's urine specimen caused any type of impairment at the time of the accident. Additionally, there did not appear to be any evidence showing when the substance was consumed. Moreover, the State acknowledged a consultation on these issues had taken place with the Miami Valley Crime Lab's forensic toxicologist. In other words, the State of Ohio did not have an expert witness and there was no indication they thought they could obtain such an expert to prevail at the Motion to Suppress or prove their case at trial."
 {¶ 8} From the dismissal of this action with prejudice, the State appeals.
 II {¶ 9} The State asserts the following as its sole assignment of error:
 {¶ 10} "THE TRIAL COURT DID ERROR [SIC] IN DISMISSING THIS CASE WITH PREJUDICE."
 {¶ 11} The State contends that the trial court abused its discretion when it *Page 4 
dismissed this action with prejudice.
 {¶ 12} The State may dismiss a case and re-indict following further investigation. State v. Tucker (Dec. 21, 1989), Cuyahoga App. No. 56375 and 56376. Pursuant to Crim. R. 48(A), "[t]he state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate." Similarly, R.C. 2941.33 provides that "[t]he prosecuting attorney shall not enter a nolle prosequi in any cause without leave of the court, on good cause shown, in open court." Finally, Crim. R. 48(B) provides that "if the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal."
 {¶ 13} A trial court has discretion over the issue of dismissal.State v. Rodriguez, Darke App. No. 1722, 2008-Ohio-3377. However, that discretion is not unlimited. Of the four courts of appeals that have addressed this issue, all have agreed that since neither Crim. R. 48(A) nor Crim. R. 48(B) expressly provides for a dismissal with prejudice, a dismissal or nolle with prejudice may be entered only where there is a deprivation of a defendant's constitutional or statutory rights, the violation of which would, in and of itself, bar further prosecution. See, State v. Spicer (March 30, 1994), Greene App. No. 93 CA 55;State v. Wright (July 24, 1996), Hamilton App. No. C-960019; State v.Dixon (1984), 14 Ohio App. 3d 396; and State v. Sutton (1979),64 Ohio App. 2d 105.
 {¶ 14} The record in this case fails to establish, and neither Jones nor the trial court cite, any violation of Jones's constitutional or statutory rights. There is no indication that Jones's right to a speedy trial was violated nor that jeopardy had *Page 5 
attached. Therefore, we conclude that the trial court abused its discretion when it dismissed this action with prejudice.
 {¶ 15} The State's sole assignment of error is sustained.
 III {¶ 16} The State's sole assignment of error being sustained, the order of the trial court dismissing this cause with prejudice is modified to be an order dismissing this cause without prejudice, and, as modified, is Affirmed.
BROGAN and GRADY, JJ., concur. *Page 1