[Cite as *Cleveland v. Primm*, 2017-Ohio-7242.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104963**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## SAMSON PRIMM

DEFENDANT-APPELLANT

**JUDGMENT:**
DISMISSED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2016 CRB 012452

**BEFORE:** Stewart, P.J., S. Gallagher, J., and Jones, J.

**RELEASED AND JOURNALIZED:** August 17, 2017

**ATTORNEY FOR APPELLANT**

James R. Willis
James R. Willis Attorney At Law
1144 Rockefeller Building
614 West Superior Avenue
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Director of Law
City of Cleveland

Kimberly Barnett-Mills
Chief City Prosecutor
Jennifer M. Kinsley
Assistant City Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, P.J.:

{¶1} After conducting a traffic stop, an Ohio state highway patrol trooper cited defendant-appellant Samson Primm for the minor misdemeanor offense of possession of marijuana (he was not charged with any driving offense). An unstated amount of cash was also seized (defense counsel told the court that "they took over $100,000 from this young man."). The citation was transferred to the city of Cleveland for prosecution. Primm filed a motion to suppress the evidence seized in the traffic stop on grounds that the trooper conducted an illegal stop based on "profile considerations." He also sought return of the cash seized during the traffic stop.

{¶2} On the day of trial, the city told the court that it wanted to dismiss the drug charges because it would not have the laboratory results before the speedy trial time expired. Primm objected to dismissal and offered to stipulate that the substance found in his vehicle was marijuana. The court granted the motion to dismiss over Primm's objections. It also found Primm's motion to suppress moot.

{¶3} Primm assigns four errors for review: that the court failed to conduct an evidentiary hearing on his motion to suppress evidence; that the court erred by granting the city's motion to dismiss the prosecution without regard for the pending motion to suppress evidence; that turning the seized property over to the federal government did not deny the court jurisdiction to consider questions related to the property; and that the court failed to articulate a basis for dismissal.

{¶4} The assignments of error are, for the most part, tangential to a larger issue relating to the seizure of the cash and Primm's desire to have it returned to him. During a hearing on the motion to dismiss the citation, the city told the court that it has never been in possession of the cash — immediately after the traffic stop the highway patrol gave the cash directly to the federal government for adoptive forfeiture under federal law. *See* R.C. 2981.14(A);[1] *see generally Harris v. Mayfield Hts.*, 2013-Ohio-2464, 991 N.E.2d 1179 (8th Dist.). Primm told the court that he could get the money back by showing that the seizure was unlawful for want of probable cause. To do that, he said that he needed the court to rule on his motion to suppress evidence. Primm maintained that the ruling finding his motion to suppress moot hampered his ability to contest the federal asset forfeiture.

---

[1] R.C. 2981.14(B) was amended, effective April 6, 2017, to allow law enforcement agencies to transfer seized property for federal forfeiture only if the value of the seized property exceeds one hundred thousand dollars.

{¶5} The parties agree that the court dismissed the citation under Crim.R. 48(A). That rule states: "The state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate." The rule embodies two different exercises of discretion: first, that the prosecuting attorney has the discretion "to determine when and which charges should be dropped," *State v. Jones*, 8th Dist. Cuyahoga No. 101311, 2015-Ohio-1818, ¶ 31; second, that the court has the discretion to decide whether to grant leave to allow dismissal of an indictment. *State v. Jones*, 2d Dist. Montgomery No. 22521, 2009-Ohio-1957, ¶ 13. The court's discretion, however, is limited by the separation of powers — the decision whether to prosecute, and the decision as to the charge to be filed, rests in the discretion of the prosecuting attorney. *State ex rel. Master v. Cleveland*, 75 Ohio St.3d 23, 27, 661 N.E.2d 180 (1996) ("the decision whether to prosecute is discretionary, and not generally subject to judicial review"); *see also In re United States*, 345 F.3d 450, 454 (7th Cir.2003) ("[T]he plenary prosecutorial power of the executive branch safeguards liberty, for, in conjunction with the plenary legislative power of Congress, it assures that no one can be convicted of a crime without the concurrence of all three branches. * * * When a judge assumes the power to prosecute, the number shrinks to two."). Broadly interpreting the Crim.R. 48(A) leave-of-court requirement could be an invitation for the judiciary to exceed its constitutional role and breach the separation of powers by intruding upon the plenary prosecution power of the executive branch.

{¶6} The court thus has a limited ability to second-guess the government's decisions on whether and what to prosecute. As stated in the context of the similarly worded portion of Fed.R.Crim.P. 48(a),[2] the principal purpose of the leave-of-court requirement is "to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, 29, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977), fn. 15. *Rinaldi* also stated that the court could deny leave to dismiss an indictment if the dismissal "is prompted by considerations clearly contrary to the public interest." *Id*. But *Rinaldi* made it clear that "the salient issue * * * is not whether the decision to maintain the federal prosecution was made in bad faith but rather whether the Government's later efforts to terminate the prosecution were similarly tainted with impropriety." *Id*. at 30.

---

[2] Fed.R.Crim.P. 48(a) states: "(a) By the Government. The government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent."

**{¶7}** In short, the court should show deference to the prosecutor's decision to terminate a criminal case, and because the court has the discretion to grant leave to dismiss, we must likewise give deference to the court's decision to grant leave. Nevertheless, the "good cause" component of Crim.R. 48(A) means that a prosecuting attorney does not have unbridled authority to terminate the proceedings. *Akron v. Ragsdale*, 61 Ohio App.2d 107, 109, 399 N.E.2d 119 (9th Dist.1978). The Crim.R. 48(A) requirement of "good cause" requires "more then a cursory recitation that good cause exists[.]" *Lakewood v. Pfeifer*, 83 Ohio App.3d 47, 51, 613 N.E.2d 1079 (8th Dist.1992). And even though the court has discretion to grant leave, there is no exercise of discretion by rubber-stamping a request for leave.

**{¶8}** At this juncture, we must consider the nature of the dismissal. The city maintains that it dismissed the case with prejudice, but there is nothing in the record to show that the court dismissed the citation with prejudice. When an indictment or citation is dismissed without any indication of whether the dismissal is with or without prejudice, we presume the dismissal to be without prejudice. *State v. Miller*, 7th Dist. Mahoning No. 07 MA 215, 2008-Ohio-3085, ¶ 43. And more broadly, Crim.R. 48(A) dismissals are considered to be without prejudice to refiling charges unless there is a deprivation of a defendant's constitutional or statutory rights, the violation of which would, in and of itself, bar further prosecution. *State v. Dixon*, 14 Ohio App.3d 396, 397, 471 N.E.2d 864 (8th Dist.1984); *Jones*, 2d Dist. Montgomery No. 22521, 2009-Ohio-1957, at ¶ 13.

{¶9} As good cause supporting its motion to dismiss the citation, the city told the court that "we do not have the drug results back from the Ohio state highway patrol lab." It further stated that there was "one day of speedy trial time remaining, and we will not have those lab results before the time of speedy trial is up." While insufficiency of proof is regarded as good cause to support dismissal of criminal charges under Crim.R. 48(A), *State v. Sutton*, 64 Ohio App.2d 105, 107, 411 N.E.2d 818 (9th Dist.1979), Primm vitiated that cause when he stipulated that the substance collected from his car was marijuana. This stipulation negated the city's reason for dismissal. On this basis, the court did not have good cause to grant leave to dismiss the citation.

{¶10} Nevertheless, Primm made it clear to the court that his objections were that a dismissal of the criminal charge would deprive him of a ruling on his motion to suppress evidence, which if favorable to him could be used to challenge the asset forfeiture in federal court. We accept that for purposes of Crim.R. 48(A), a pending motion to suppress evidence invokes a constitutional right under the Fourth Amendment — a favorable ruling on Primm's claim that he had been illegally stopped could potentially bar further prosecution despite his stipulation that the substance found in his car was marijuana.[3] *State v. Carter*, 69 Ohio St.3d 57, 67, 630 N.E.2d 355 (1994).

---

[3] Primm also argued that highway patrol officers who failed to appear for a scheduled trial despite being subpoenaed should be held in contempt. The court noted that the highway patrol officers were present that day for trial and held the motion for contempt to be moot. With the motion for contempt being moot, the dismissal did not affect any constitutional or statutory right for purposes of Crim.R. 48(A).

{¶11}   The court recognized Primm's concerns that a dismissal of the citation would deprive him of an opportunity to challenge the adoptive forfeiture: "I'm just thinking out loud that you can circumvent certain rights by seizing, then dismissing, and then the property is left in limbo.  I mean, that could be a strategy that could be utilized by the prosecution or the police.  You seize it, you then dismiss the case."  Nonetheless, the court acknowledged that Primm had "an additional avenue in which to pursue the interest [in the cash] now that the criminal aspect is gone, you still have the recourse of suing civilly and demanding that the money be returned."  Defense counsel agreed that Primm had the right to bring a federal court action against the city based on a violation of his civil rights.  This was an important point — the city represented that it "had never been in possession of any money" and that even if the court were to order the money returned to Primm, "the fight would be with the feds[.]"

**{¶12}** In fact, it appears that Primm has challenged the forfeiture in federal court. That challenge has been unsuccessful. The United States District Court for the Northern District of Ohio found that Primm failed to establish standing to object to the forfeiture because he made only a "naked assertion of ownership" that did not suffice under Supplemental Admiralty and Maritime Claim Rule G(5)(a)(i)(B) (which governs federal judicial forfeiture proceedings) or Article III of the United States Constitution. *United States v. $99,500 in United States Currency*, N.D.Ohio No. 1:16 CV 2422, 2017 U.S. Dist. LEXIS 1478, 11 (Jan. 5, 2017). It likewise appears that the district court has ordered the cash forfeited to the federal government and that on April 27, 2017, Primm appealed that ruling to the United States Court of Appeals for the Sixth Circuit.[4]

---

[4] We are aware that the federal forfeiture proceedings occurred after the court granted leave to dismiss the citation. But when the court granted the motion to dismiss the citation, it acknowledged that "if it appears to be that [the dismissal] is an effort to circumvent and deny the defendant the right to his property and require him to go through a civil proceeding, I'm sure that would be included in the [federal] claim against the city when it is filed." With Primm having availed himself of the opportunity to contest forfeiture in federal court, it is unclear how any future ruling on his motion to suppress evidence would be of any assistance to him in a federal court case that has already been decided.

**{¶13}** We detail this history to show that the court did not merely rubber-stamp the city's motion for leave to dismiss the citation, but gave it full and fair consideration. The court considered Primm's objections to the dismissal of the citation, particularly in the context of the larger issue concerning the recovery of the cash. The court also recognized that it should give deference to the city's prosecutorial discretion ("I'm always inclined, if the prosecution wishes, to terminate the pursuit of a criminal charge."). Finally, it noted that Primm had the ability to seek return of his money by way of civil action. These were rational conclusions on the record before us. We conclude that the court did not abuse its discretion by granting the motion to dismiss despite Primm's objections that the dismissal would violate his constitutional right to a hearing on his motion to suppress evidence. We consider the dismissal in this case to be "without prejudice."[5]

**{¶14}** The dismissal of a criminal case without prejudice deprives us of a final order. *State v. G.D.*, 8th Dist. Cuyahoga Nos. 104317 and 104328, 2016-Ohio-8148, ¶ 19; *State v. Brown*, 8th Dist. Cuyahoga No. 84229, 2004-Ohio-5587, ¶ 6-12; *State v. Jackson*, 8th Dist. Cuyahoga No. 103035, 2016-Ohio-704, ¶ 6. Without a final order, we cannot consider Primm's substantive arguments on appeal.

---

[5] A dismissal of the citation under Crim.R. 48(A) would return the parties "to their same positions before institution of the prosecution." *State v. Tankersley*, 8th Dist. Cuyahoga Nos. 70068 and 70069, 1996 Ohio App. LEXIS 4791, at 8 (Oct. 31, 1996). And although it seems unlikely that the city will refile charges (the statute of limitations for a minor misdemeanor is six months, *see* R.C. 2910.13(A)(1)(c)), if it does, Primm will have the opportunity to raise the suppression issue again.

**{¶15}** Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, PRESIDING JUDGE

SEAN C. GALLAGHER, J., CONCURS (SEE SEPARATE CONCURRING OPINION); LARRY A. JONES, SR., J., DISSENTS (SEE SEPARATE DISSENTING OPINION)

SEAN C. GALLAGHER, J., CONCURRING:

**{¶16}** I concur with the majority opinion and agree with the determination that the trial court did not abuse its discretion by granting the motion dismiss, which is deemed to be without prejudice.

**{¶17}** I write separately to express concerns surrounding the interplay of state and federal forfeiture law. Once again, we are presented with a case that highlights the legal loophole that effectively permits local law enforcement to circumvent the procedural protections contained in the state forfeiture statute, R.C. 2981.03(A), by merely turning the seized property over to federal authorities pursuant to 18 U.S.C. 981(b)(2), governing federal forfeitures. "The cumulative effect of this practice is to reduce Ohio's forfeiture statute to a functional nullity." *State v. Scott*, 7th Dist. Mahoning No. 98 CA 174, 2000 Ohio App. LEXIS 1221, 8 (Mar. 22, 2000).

**{¶18}** This case arose from a traffic stop initiated by an Ohio state highway patrol trooper. Primm was given a citation for possession of marijuana, and a large sum of cash

was seized. Defense counsel conceded that the federal government had issued a seizure warrant for the money, and it was not disputed that the money was turned over to federal authorities on the scene. As recognized in *Scott*, a defendant's conviction is not required as a condition precedent and "there is an apparent financial incentive for a local police department to seek the implementation of federal forfeiture proceedings as opposed to its state law counterpart." *Id.* at 7-8.

{¶19} Along with his motion to suppress, Primm filed a motion for the return of illegally seized property. Pursuant to R.C. 2981.03(A)(4), a person aggrieved by an alleged unlawful seizure of property may seek relief from the seizure by filing a proper motion in the appropriate court. However, the Ohio Supreme Court has made clear that when property or money is forfeited under federal law, the state forfeiture provisions are rendered immaterial. *State ex rel. Chandler v. Butler*, 61 Ohio St.3d 592, 593, 575 N.E.2d 833 (1991). We are bound to follow the Supremacy Clause codified under Article IV of the United States Constitution and the Ohio Supreme Court's holding in *Chandler*. *State v. Primm*, 8th Dist. Cuyahoga No. 94630, 2011-Ohio-328, ¶ 18 (S. Gallagher, J., concurring); *Scott* at 8. Thus, any remedy Primm may have lies with the federal court system.

LARRY A. JONES, SR., J., DISSENTING:

{¶20} Respectfully, I dissent. As the majority aptly notes, the larger issue in this case relates to the seizure of the cash from Primm, and his desire to have it returned.

**{¶21}** The majority decision intimates that the only avenue for Primm to have challenged the seizure of his money would be if he were under indictment and if he filed his challenge in federal court. I disagree. Ohio law allows a person claiming unlawful seizure to pursue his or her claim and it can be done regardless if he or she is under indictment:

> (4) A person aggrieved by an alleged unlawful seizure of property may seek relief from the seizure by filing a motion in the appropriate court that shows the person's interest in the property, states why the seizure was unlawful, and requests the property's return. If the motion is filed before an indictment, information, or a complaint seeking forfeiture of the property is filed, the court shall schedule a hearing on the motion not later than twenty-one days after it is filed. * * *

R.C. 2981.03(A)(4).

**{¶22}** Further, I am not persuaded by any argument that the issue was "moot" because the funds were transferred to the federal government after seizure. The record before us is devoid of any evidence that (1) the federal government seized Primm's money, (2) the city transferred money to the federal government, or (3) that Primm was notified of a forfeiture action. *See, e.g., Jenkins v. Cleveland*, 8th Dist. Cuyahoga No. 104768, 2017-Ohio-1054, ¶ 23. As the majority recognizes, exhibit A, a federal forfeiture complaint relative to the monies at issue here, and which was attached to the city's brief before this court, was not before the trial court (it had not yet been issued); therefore, it should not be part of our review. *Id.* at ¶ 24.

**{¶23}** In light of the above, I dissent.