[Cite as *Cleveland v. Renger*, 2025-Ohio-5353.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                          :

    Plaintiff-Appellant,          :

                                         No. 115254

    v.                            :

MEI RENGER,                                 :

    Defendant-Appellee.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 26, 2025

---

Criminal Appeal from the Cleveland Municipal Court
Housing Division
Case No. 2024-CRB-000505

---

### *Appearances:*

Mark D. Griffin, City of Cleveland Law Director, and
Dennis Butler, Assistant Director of Law, *for appellant.*

Ronald J.H. O'Leary, *for appellee.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Plaintiff-appellant the City of Cleveland ("the City") brings this appeal challenging the housing court's denial of its motion for leave to dismiss for lack of

proper service upon defendant-appellee MeiLani Renger ("Renger").[1] Renger concedes the error in full pursuant to Loc.App.R. 16(B). When a party concedes an error that is dispositive of the appeal, appellate courts review the record to determine whether the concession accurately reflects settled law based on the record presented for review. *See, e.g., State v. Forbes*, 2022-Ohio-2871, ¶ 2 (8th Dist.); *Cleveland v. Patterson*, 2020-Ohio-1628, ¶ 6 (8th Dist.). Following our independent review of this case, we reverse and remand instructing the trial court to dismiss this matter pursuant to Civ.R. 48(A).

{¶ 2} In March 2023, Renger was issued a "Notice of Violation of Building and Housing Ordinances" ("the Notice") for three violations regarding the porch flooring, the porch lattice, and the exterior steps relating to her property located at 1356 W. 91st Street, Cleveland. According to the record, the inspector sent the Notice to two addresses — one on W. 80th Street and one on W. 91st Street, both in Cleveland. The violations were never remedied and subsequently, in January 2024, the City filed a complaint in the Cleveland Municipal Court, Housing Division, alleging 20 counts of failure to comply with a notice of violation ordering repairs.

{¶ 3} Renger pleaded not guilty in October 2024. According to the City, discussions with Renger's attorney and discovery revealed that the Notice had not been sent to Renger's mailing address, which was in Los Angeles, California, despite the City's own records providing Renger's California mailing address. Accordingly,

---

[1] The transcript indicates that Renger's first name is "MeiLani" instead of "Mei" as captioned in this matter.

the City determined that the standard for service outlined in Cleveland Cod.Ord. ("C.C.O.") 3103.09(e) had not been met and as such, determined that it could not satisfy its burden of proving an essential element of the offense — that Renger was properly served with the Notice. Accordingly, the City filed a motion for leave to dismiss the case.

{¶ 4} The trial court set a hearing on the motion, at which the court ordered Cleveland to supplement its motion and subpoena the inspector who had issued the Notice. This hearing was not recorded, transcribed, or provided in the record. The City supplemented its motion to dismiss, and at the second hearing, the court denied the City's motion to dismiss and issued an extended journal entry explaining its decision.

{¶ 5} The City appealed the trial court's denial, proffering the following two assignments of error that Renger concedes.

> I. The trial court abused its discretion in making the determination that C.C.O. 3103.09(e) is not the controlling ordinance detailing the requirements of service of a City of Cleveland building and housing violation notice.

> II. The trial court erred in making the determination that a case can only be dismissed for good cause that rises to a legal excuse.

{¶ 6} We first find that the instant appeal presents a final appealable order pursuant to *Lakewood v. Pfeifer*, 83 Ohio App.3d 47, 50 (8th Dist. 1992). We now proceed to the merits of the appeal.

{¶ 7} Both of the City's assignments of error contest the grounds that the trial court cited in denying the City's motion to dismiss the complaint. For ease of discussion, we address them together.

{¶ 8} Crim.R. 48(A) provides that the prosecution may, in open court and by leave of court, file an entry of dismissal terminating the prosecution. The City also relies on R.C. 2941.33, which permits the prosecution to enter a nolle prosequi when made with leave of court, in open court, and for good cause shown. "These provisions are essentially identical, except that R.C. 2941.33 provides that a nolle prosequi entered contrary to these provisions is void." *Lakewood* at *id.*, citing *State v. Sutton*, 64 Ohio App.2d 105, 107 (9th Dist. 1979).

{¶ 9} The City first argues that at the time the Notice was issued, C.C.O. 3103.09(e)(2) was the governing provision, requiring the city to perform a "reasonable and diligent search" to effectuate notice of exterior violations. The City has not provided us with any sources for this contention, and our own research indicates that the "reasonable and diligent" language was removed from the statute in 2022, before the violations in this case were discovered. Additional amendments occurred in February 2024, and then again in April 2024. Accordingly, the relevant provision that was in effect at the time the Notice was served read as follows:

> (3) A notice of violation under division (e)(1) of this section shall be served by one or more of the following methods:
>
> A. Personal service;

B. Residence service at the owner's address by leaving a copy of the notice of violation with a person of suitable age and discretion then residing therein;

C. Certified mail;

D. Regular mail and posting as follows:

    1. Regular mail service to the owner or a location at which the owner is reasonably believed to receive mail; and

    2. Regular mail service to the property address that is the subject of the violation notice; and

    3. Posting of the notice of violation on the building, premises or real estate or appurtenance thereto that is the subject of the violation notice.

In addition to 1., 2., and 3. above, service may be made by publication electronically or once in a newspaper of general circulation in the City.

C.C.O. 3103.09(e)(3) (eff. 9/26/2022).

{¶ 10} Despite the City's reliance on a prior version of the ordinance, its arguments still have merit. The record supports the City's contention that it would not be able to prove the notice element of the charged offenses. In proving its case for "failing to comply with a Notice of Violation," the City must necessarily prove that the notice of violation had been received by the property owner, and C.C.O. 3103.09(e)(3) outlines the procedures that the City may use to prove the service component of the offense. Here, the record indicates that the City sent the Notice by certified mail to the two addresses in Cleveland. This specific case is unique in that the City had Renger's *accurate* mailing address for service in its own file in multiple areas, as indicated by the documents attached to the motion to dismiss and by the

notice in the complaint that does not list Renger's mailing address. For these reasons, the City argued that it could not prove that Renger was served by certified mail at her mailing address.² Accordingly, the City asked for leave to dismiss this matter.

{¶ 11} This court has previously discussed our review of dismissals under Civ.R. 48(A):

> The parties agree that the court dismissed the citation under Crim.R. 48(A). That rule states: "The state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate." The rule embodies two different exercises of discretion: first, that the prosecuting attorney has the discretion "to determine when and which charges should be dropped," *State v. Jones*, 8th Dist. Cuyahoga No. 101311, 2015-Ohio-1818, ¶ 31; second, that the court has the discretion to decide whether to grant leave to allow dismissal of an indictment. *State v. Jones*, 2d Dist. Montgomery No. 22521, 2009-Ohio-1957, ¶ 13. The court's discretion, however, is limited by the separation of powers — the decision whether to prosecute, and the decision as to the charge to be filed, rests in the discretion of the prosecuting attorney. *State ex rel. Master v. Cleveland*, 75 Ohio St.3d 23, 27, 1996-Ohio-228, 661 N.E.2d 180 (1996) ("the decision whether to prosecute is discretionary, and not generally subject to judicial review"); see also *In re United States*, 345 F.3d 450, 454 (7th Cir.2003) ("[T]he plenary prosecutorial power of the executive branch safeguards liberty, for, in conjunction with the plenary legislative power of Congress, it assures that no one can be convicted of a crime without the concurrence of all three branches. []When a judge assumes the power to prosecute, the number shrinks to two."). Broadly interpreting the Crim.R. 48(A) leave-of-court requirement could be an invitation for the judiciary to exceed its constitutional role and breach the separation of powers by intruding upon the plenary prosecution power of the executive branch.

² We surmise that the ambiguity in the 2022 ordinance reflects why subsequent amendments to the ordinance provide that the certified mail should be sent "where it is reasonably calculated under the circumstances to reach that owner." *See* C.C.O. 3103.09(e)(3)(C)(1-3) (eff. 4/3/2024).

*Cleveland v. Primm*, 2017-Ohio-7242, ¶ 5 (8th Dist.).

{¶ 12} Accordingly, "[t]he court thus has a limited ability to second-guess the government's decisions on whether and what to prosecute." *Id.* at ¶ 6. *Primm* determined that the primary purpose of the "with leave of court" requirement was to prevent prosecutorial harassment, e.g., filing, dismissing, and refiling to the defendant's detriment. *Id.*

{¶ 13} We thus find that the City's representation that it could not prove an element of the offense — or even if it did, it did not want to use departmental resources to undertake a prosecution under an ambiguous statute — satisfies the "good cause" underpinnings behind Crim.R. 48(A) and R.C. 2941.33. Renger's concession of the error is also persuasive because Renger could have made these prosecutorial misconduct allegations had she opposed the dismissal. Accordingly, we sustain both assignments of error.

{¶ 14} We note that the decision in this case applies to a version of C.C.O. 3103.09(e) that is no longer in effect.

{¶ 15} Judgment reversed and remanded. The trial court is ordered to enter a dismissal in this matter pursuant to Crim.R. 48(A).

Appellant to pay costs; costs waived.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court, Housing Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

LISA B. FORBES, P.J., and
SEAN C. GALLAGHER, J., CONCUR