[Cite as *Hudson v. Harger*, 2012-Ohio-2604.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| CITY OF HUDSON/STATE OF OHIO | C.A. No.    26208 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RYAN HARGER | STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    2011-CRB-02381 |

DECISION AND JOURNAL ENTRY

Dated: June 13, 2012

CARR, Judge.

{¶1}    Appellant Ryan Harger appeals the order of the Stow Municipal Court dismissing the criminal charges against him. This Court dismisses the appeal for lack of a final, appealable order.

I.

{¶2}    The City of Hudson charged Harger with one count of theft and one count of aggravated menacing. The day before the matter was scheduled for trial, the trial court dismissed the case without prejudice at the city's request. Harger appealed. Hudson filed a memorandum in opposition to jurisdiction, arguing that the appeal must be dismissed for lack of a final, appealable order. Harger filed a brief in support of jurisdiction. Harger filed his appellate brief in which he raised one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AS A MATTER OF LAW BY DISMISSING THE CRIMINAL COMPLAINTS WITHOUT THE STATE OBTAINING LEAVE OF COURT AND WITHOUT THE PROSECUTOR FILING AN ENTRY OF DISMISSAL IN OPEN COURT IN VIOLATION OF CRIM.R. 48(A).

**{¶3}** Harger argues that the trial court erred by dismissing the criminal complaints in violation of Crim.R. 48(A). Because the order appealed is not a final, appealable order, this Court does not have jurisdiction to address the merits of Harger's argument.

**{¶4}** As a preliminary matter, this Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). This Court has jurisdiction to hear appeals only from final judgments. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02. In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. No. 2930-M, 2000 WL 109108 (Jan. 26, 2000). "An order is a final appealable order if it affects a substantial right and in effect determines the action and prevents a judgment." *Yonkings v. Wilkinson*, 86 Ohio St.3d 225, 229 (1999).

**{¶5}** "[A]s a general rule, the entering of a nolle prosequi in a criminal case is not a final appealable order. In the usual case, the entry of a nolle prosequi before the accused is placed in jeopardy returns the parties to their relative positions prior to the institution of the prosecution and the accused is not denied a judgment in his favor by the entry." *State v. Williams*, 9th Dist. No. 25384, 2011-Ohio-6412, ¶ 8, quoting *State v. Tankersley*, 8th Dist. Nos. 70068, 70069, 1996 WL 631077 (Oct. 31, 1996).

{¶6} Harger argues that the trial court's granting of the city's motion to dismiss is reviewable pursuant to the "collateral order" exception to the final-judgment rule enunciated in *Abney v. United States*, 431 U.S. 651 (1977). He notes that the Eighth District Court of Appeals recognized and applied the doctrine in *Lakewood v. Pfeifer*, 83 Ohio App.3d 47 (1992). The doctrine is applied in very limited circumstances where decisions "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Abney*, 431 U.S. at 658-659, quoting *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949). Both *Abney* and *Pfeifer*, however, concerned situations in which the trial court denied the government's motion to dismiss the indictment. Moreover, the denial of the motion to dismiss in *Abney* implicated double jeopardy considerations because the defendant had already been tried on the charges as they were initially filed. The instant appeal is premised on the trial court's granting the city's motion to dismiss the criminal complaints, not its denial.

{¶7} Harger argues that the collateral order doctrine is applicable in this case because his speedy trial rights are implicated, he was prejudiced by being placed in jeopardy of another prosecution, and he was prejudiced because he was precluded from presenting a defense which he feels will prevail. First, any issues regarding speedy trial are premature, and therefore not implicated, because there are no pending charges against Harger. Second, unlike in *Abney*, double jeopardy considerations are not implicated because Harger is not in danger of being twice put to trial for the same offense. Third, should the city refile the criminal charges against him, Harger will have the opportunity to present any defense at that time. Harger further asserts that the trial court's dismissal of the charges without prejudice instead of with prejudice precludes

him from pursuing a malicious prosecution action against the city. He does not explain, however, how this implicates a substantial right necessitating immediate review.

{¶8} This Court recently addressed the reviewability of the trial court's granting of the government's motion to dismiss criminal charges and concluded that such an order is not a final, appealable order. *Williams* at ¶ 11. We reasoned that "[u]pon dismissal of the indictment, [the defendant] was placed in the same position he was in prior to the State's filing of criminal charges." *Id*. We, therefore, concluded that the trial court's order dismissing the charges without prejudice did not affect any substantial right of the defendant. *Id*. The same reasoning and conclusion is applicable in Harger's case. He remains in the same position he was in before the city filed the charges against him. Harger does not argue that this Court should reconsider or overrule our prior precedent; nor does he even acknowledge it. Accordingly, on the basis of our prior authority, we conclude that the trial court's order dismissing the charges without prejudice does not constitute a final, appealable order. This Court, therefore, dismisses the appeal for lack of jurisdiction.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

DEAN S. HOOVER, Attorney at Law, for Appellant.

CHRISTOPHER L. PARKER, Attorney at Law, for Appellee.