[Cite as *State v. Morgan*, 2012-Ohio-4750.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK   COUNTY**

STATE OF OHIO

      Plaintiff-Appellee

v.

BUSTER R. MORGAN

      Defendant-Appellant

Appellate Case No. 2012-CA-06

Trial Court Case Nos. 05-CRB-4039
                    05-TRD-8299

(Criminal Appeal from Clark County
 Municipal Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of October, 2012.

. . . . . . . . . . .

ELIZABETH H. SMITH, Atty. Reg. #0079180, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

BUSTER MORGAN, #627-518, Allen Correctional Institution, 2338 North West Street, Lima, Ohio 45801
      Defendant-Appellant, *pro se*

. . . . . . . . . . . . .

HALL, J.

{¶ 1}   Buster R. Morgan appeals pro se from the trial court's dismissal of several misdemeanor charges against him.

{¶ 2}   In his sole assignment of error, Morgan contends the trial court erred "by refusing to grant an order Discharging the charges in this matter." The essence of his argument is that the trial court should have made its dismissal "with prejudice" due to the statutory speedy-trial time expiring and pre-indictment delay in charging him.[1]

{¶ 3}   The present appeal involves charges brought against Morgan in two 2005 Clark County Municipal Court cases (case number 05TRD08299 and case number 05CRB04039). The charges included, inter alia, traffic violations, identify fraud, resisting arrest, and falsification based on events occurring on June 11, 2005. The record reflects that warrants were issued for Morgan's arrest in the two cases on August 11, 2005.  (Doc. #6 in case number 05TRD08299; Doc. #4 in case number  05CRB04039). The warrants were executed, and Morgan was arrested in March 2010. (*Id.*). The following month, he was transported to the Allen Correctional Institution to begin serving a five-year prison sentence for an unrelated hit-skip conviction in Logan County. (Doc. #20-B in case number 05TRD08299; Doc. #14-B in case number 05CRB04039).

{¶ 4}   While in prison, Morgan filed pro se January 20, 2011 motions that he be brought

---

[1]Although Morgan's appellate brief makes an isolated reference to "the Statutory limitations for prosecution," his argument below focused on his statutory speedy-trial right. As discussed infra, Morgan also filed his notice of appeal from the trial court's denial of a motion for reconsideration that addressed only a speedy trial issue.    Therefore, we do not perceive his argument on appeal to be that the statute of limitations had expired prior to the trial court's dismissal. Rather, consistent with his argument below and his notice of appeal, we perceive his argument to be that the statutory speedy-trial time had expired.

to trial in each municipal court case. (Doc. #12-A in case number 05TRD08299; Doc. #7-A in case number  05CRB04039). The trial court overruled the motions based on his failure to provide the warden's certification required by R.C. 2941.401, which provides:

When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter * * *. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.

{¶ 5}    Morgan renewed his requests for disposition of the two cases, with the required certification, on October 24, 2011. (Doc. #19, 20-A, 20-B in case number 05TRD08299; Doc. #13, 14-A, 14-B in case number  05CRB04039). The trial court sustained the motions on November 7, 2011, appointed counsel for the defendant and scheduled the cases for a pre-trial conference on December 12, 2011.

{¶ 6}    In light of Morgan's imprisonment, and on the State's motion, the prosecutor and

defense counsel subsequently agreed to dismissal of the misdemeanor charges in both cases. (Doc. #25, 26 in case number 05TRD08299; Doc. #19, 20 in case number 05CRB04039). The trial court originally designated the dismissal as being "without prejudice." Apparently, the trial court crossed out the without-prejudice designation and initialed the change on December 9, 2011, to reflect a dismissal without any reference to prejudice or a lack thereof, but there is no separate file stamp for the amended dispositions. (Doc. #29 in case number 05TRD08299; Doc. #23 in case number 05CRB04039).

{¶ 7}    On December 21, 2011, Morgan moved for reconsideration in both cases, urging the trial court to enter a dismissal with prejudice. (Doc. #30-A in case number 05TRD08299; Doc. #24-A in case number 05CRB04039). On December 22, 2011, the trial court overruled both motions. On January 23, 2012, Morgan filed pro se notices of appeal from the trial court's denial of reconsideration. (Doc. #34-A in case number 05TRD08299; Doc. #28-A in case number 05CRB04039). As set forth above, Morgan contends on appeal that the trial court should have dismissed the charges "with prejudice" due to the speedy-trial time expiring and pre-indictment delay.

{¶ 8}    We note that a general dismissal entry, without specifying whether the dismissal is "with prejudice" or "without prejudice," "is considered to be without prejudice." *State v. Rodriguez*, 2d Dist. Darke No. 1722, 2008-Ohio-3377, ¶ 15. In fact, "since neither Crim.R. 48(A) nor Crim.R. 48(B) expressly provides for a dismissal with prejudice, a dismissal or nolle with prejudice may be entered only where there is a deprivation of a defendant's constitutional or statutory rights, the violation of which would, in and of itself, bar further prosecution." *State v. Jones*, 2d Dist. Montgomery No. 22521, 2009-Ohio-1957, ¶ 13. When denying Morgan's motion

for reconsideration, the trial court made clear that it intended its dismissal to be without prejudice in this case.

{¶ 9} A criminal defendant typically cannot appeal the dismissal of charges against him without prejudice. *City of Hudson v. Harger*, 9th Dist. Summit No. CA 26208, 2012-Ohio-2604, ¶ 3-8. This is so because the defendant is placed in the same position he was in prior to the State filing the charges.[2] *Id.* at ¶ 8. Morgan argues that his case is different, however, because he has a right to be placed in *a better* position than if no charges had been filed. Due to an alleged speedy-trial violation and excessive pre-indictment delay, Morgan reasons that the State should not be allowed to charge him again. *But see State v. Dickerson*, 4th Dist. Athens No. 1277, 1986 WL 8797 (Aug. 13, 1986) (agreeing that "the proper time to address a defendant's arguments that a court has erred by failing to dismiss a case with prejudice would be when the state might begin further prosecution").

{¶ 10} Even if we assume, arguendo, that Morgan can appeal the trial court's dismissal entry, his appeal is untimely. The trial court filed its original disposition on November 29, 2011, and although we don't believe it had the authority to change the disposition on December 9, 2011, that is the apparent date the change was made. If the dismissal entry was an appealable order, then the trial court's subsequent December 22, 2011 entry overruling Morgan's motion for reconsideration was a nullity. No authority exists for seeking reconsideration at the trial-court level of a final judgment in a criminal case. *See*, *e.g.*, *State v. Harris*, 11th Dist. Lake No.

---

[2] A different rule applies when the State seeks to appeal the dismissal of criminal charges. A statute, R.C. 2945.67(A), "clearly affords the state the right to appeal, as a matter of right, *any* decision that grants a motion to dismiss, without requiring that the dismissal be with prejudice." (Emphasis sic.) *State v. Craig*, 116 Ohio St.3d 135, 2007-Ohio-5752, 876 N.E.2d 957, ¶ 13. No statute grants a criminal defendant the same right.

2011-L-127, 2011-Ohio-5600, ¶ 11. The appealable order, if any, was the trial court's November 29, 2011 original disposition or, giving the defendant the benefit of all doubt, from the court's December 9, 2011 amended disposition. Morgan did not file his notice of appeal within thirty days of either date, as required by App.R. 4(A). He also did not file a motion for a delayed appeal pursuant to App.R. 5(A).

{¶ 11}  Finally, if we were to consider them, Morgan's arguments are unpersuasive on their merits. The record does not reflect that the speedy-trial time expired prior to the trial court's dismissal of the charges. Morgan was arrested on the outstanding warrants on March 17, 2010. He filed the notice and certification required by R.C. 2941.401 on October 24, 2011, thereby triggering the 180-day statutory speedy-trial time. The trial court dismissed the charges against him in December 2011, long before that time expired.

{¶ 12}  With regard to pre-indictment delay, Morgan argues: "[B]eing that these charges stemmed from an alleged offense date of June 2005, and no indictment or warrant for this defendant surfaced until March 2010, there was a fifty-seven (57) month delay between the alleged commission of this offense, and the indictment therefore."

{¶ 13}  Morgan's argument is factually inaccurate. The charging instruments in the proceedings below were traffic citations and a criminal complaint, not an indictment as he alleges.   Nevertheless, the charges were filed on August 11, 2005, and involved events occurring on June 11, 2005. As set forth above, warrants also were issued for Morgan's arrest in both cases on August 11, 2005. After the dismissals, in his January 12, 2012 Motions for Discharge (Doc. #32-A in case number 05TRD08299; Doc. #26-A in case number  05CRB04039), Morgan asserted that he was picked up and released by authorities five times in the 55 months between

"indictment" and arrest. But he does not present any evidence of where he was detained, or under what circumstances, or that he ever attempted to appear in Clark County or the court. Thus, there is no evidence that he was anything other than a fugitive during the interim. Therefore, there was no demonstration of delay that would be charged against the State of Ohio before the cases were dismissed.

{¶ 14} Based on the reasoning set forth above, we overrule Morgan's assignment of error and affirm the judgment of the Clark County Municipal Court.

. . . . . . . . . . . . .

FROELICH, J., concurs.

GRADY, P.J., concurring:

{¶ 15} The statutory speedy-trial requirements are set out in R.C. 2945.71. Paragraph (F) of that section states:

> This section shall not be construed to modify in any way section 2941.401 or
>
> sections 2963.30 to 2963.35 of the Revised Code.

Therefore, R.C. 2941.401, and not R.C. 2945.71, governs the speedy-trial rights of persons serving a term of imprisonment in this state with respect to offenses with which they have been charged in an untried indictment or complaint. *State v. Pesci*, 11th Dist. Lake No. 201-L-026, 2002-Ohio-7131, ¶ 43.

{¶ 16} Defendant-Appellant Morgan filed his R.C. 2941.401 request to be brought to trial on the two 2005 misdemeanor charges on October 24, 2011. The State was required to bring Morgan to trial within 180 days thereafter, on or before April 22, 2012. The charges were dismissed by the court on November 29, 2011. That dismissal extinguished Defendant's right to

be brought to trial on those charges.   He cannot complain his right to a speedy trial was violated.

**{¶ 17}**   The two charges against Morgan are misdemeanor charges.  A prosecution on misdemeanor charges is barred unless it is commenced within two years after the offense was committed.    R.C.  2901.13(A)(1)(b).    Therefore,  Morgan's  prosecution  on  the  2005 misdemeanor charges is now barred, unless any of the extension provisions in R.C. 2901.13 apply.

Copies mailed to:

Elizabeth H. Smith
Buster R. Morgan
Hon. Thomas E. Trempe