[Cite as *State v. Miller*, **2018-Ohio-3197.**]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-94 |
| | : | |
| v. | : | Trial Court Case Nos. 2017-CR-120B |
| | : | and 2017-CR-208 |
| STEVEN H. MILLER, III | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of August, 2018.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

RICHARD E. MAYHALL, Atty. Reg. No. 0030017, 20 South Limestone Street, Suite 120, Springfield, Ohio 45502
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-Appellant, Stephen H. Miller, III, appeals from his convictions following his guilty plea to one count of felonious assault, a second degree felony, and one count of possession of drugs (cocaine), a first degree felony. After the plea, the trial court sentenced Miller to seven years for the felonious assault and seven years for possession of cocaine, and imposed the sentences consecutively, for a total prison term of fourteen years.

{¶ 2} Miller appeals from the court's judgment, raising two assignments of error related to sentencing. The State has conceded error as to Miller's First Assignment of Error, pursuant to Loc.R. 2.24 of the Second District Court of Appeals, and asks that we remand the case to the trial court for a new sentencing hearing. According to the State, the trial court erred in failing to make findings for consecutive sentences at the sentencing hearing. In view of this fact, the State also contends that Miller's Second Assignment of Error is moot.

{¶ 3} We agree with the State that the trial court erred in failing to make the required findings under R.C. 2929.14(C)(4). We also agree that the disposition of the conceded error moots Miller's Second Assignment of Error. Accordingly, the judgment of the trial court will be reversed as to Miller's sentence. Miller's sentence will be vacated, and this cause will be remanded for a new sentencing hearing.

I. Facts and Course of Proceedings

{¶ 4} On February 27, 2017, an indictment was filed charging Miller with one count of felonious assault, a second degree felony, and one count of tampering with evidence,

a third-degree felony. These charges were based on allegations that on February 21, 2017, Miller knowingly caused or attempted to cause physical harm to another by means of a deadly weapon or dangerous ordinance. The felonious assault charge also included a gun specification. The case resulting from that indictment was designated Clark Common Pleas Court No. 17-CR-120B.

{¶ 5} The assault charge arose from a shooting incident that occurred in the early morning hours of February 21, 2017. According to a bill of particulars that was filed, Miller and Raymond Reynolds had gone to the home of the victim, Colten Mollett, to discuss a firearm that Mollett had purchased from Reynolds. At some point, Miller got into a physical altercation with Mollett and told Reynolds to shoot Mollett. Reynolds then shot Mollett in the side.

{¶ 6} After Miller and Reynolds fled the scene in separate vehicles, the police received information that an individual named Steven Miller, who was driving a gold truck, had been involved in the shooting. The police subsequently stopped Miller on a felony traffic stop and discovered a bag of cocaine in Miller's pocket. As a result, another indictment was filed on April 10, 2017, charging Miller with one count of possession of cocaine in an amount greater than or equal to twenty-seven grams, but less than one-hundred grams, a felony of the first degree. The case resulting from this indictment was designated Clark Common Pleas Court No. 17-CR-208.

{¶ 7} The two cases were later consolidated under Case No. 17-CR-120B for further proceedings. Pursuant to a plea agreement, Miller pled guilty to possession of cocaine, a first degree felony with a potential maximum prison term of 11 years, and to felonious assault, a second degree felony with a potential maximum prison term of eight

years.   In exchange for the guilty plea, the State agreed to dismiss the gun specification and the charge of tampering with evidence, and to stand silent during sentencing.

{¶ 8} After the trial court accepted the guilty plea, a presentence investigation was conducted.   The court then held a disposition hearing on October 17, 2017, and imposed the sentences consecutively, as indicated above.

## II.   Error at the Sentencing Hearing

{¶ 9} Miller's First Assignment of Error states that:

Because the Trial Court Failed to Make the Required Findings of Fact at the Sentencing Hearing, the Consecutive Sentences Imposed on Appellant are Contrary to Law (Sentencing Hearing, p. 8).

{¶ 10} Under this assignment of error, Miller contends that while the trial court made the necessary findings for imposing consecutive sentences in its judgment entry, the court made only one of the three necessary factual findings required under R.C. 2929.14(C) at the sentencing hearing.

{¶ 11} As pertinent here, R.C. 2929.14(C)(4) provides that:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

* * *

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 12} At the sentencing hearing, the trial court made the required finding under R.C. 2929.14(C)(4)(b), but did not find that consecutive sentences were "necessary to protect the public from future crime or to punish the offender" and "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."

{¶ 13} According to Miller, the trial court's omission at the sentencing hearing is erroneous under *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, which held that "[i]In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Id.* at syllabus.

{¶ 14} In responding to this assignment of error, the State has filed a notice of conceded error under Loc. R. 2.24 of our court. We agree that the trial court erred in failing to make the required findings at the sentencing hearing. Accordingly, Miller's First Assignment of Error is sustained.

III. Harm Caused By Possession of Cocaine

{¶ 15} Miller's Second Assignment of Error states as follows:

Because There Was No Evidence, or Argument, That the Appellant's Mere Possession of Cocaine Caused *Any* Harm, the Record Clearly and Convincingly Does Not Support the Trial Court's Finding that the Harm Caused by the Two Offenses (Felonious Assault and Possession) Caused Great or Unusual Harm (Sentencing Hearing, p. 9). (Emphasis sic.)

{¶ 16} As was noted, the trial court did make a finding at the sentencing hearing under R.C. 2929.14(C)(4)(b) that "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."

{¶ 17} According to Miller, his possession of cocaine did not cause great or unusual harm as required by R.C. 2929.14(C)(4)(b). In this regard, Miller notes his concession during the sentencing hearing that great harm was caused by the felonious assault. While admitting this, Miller stresses that he denied at the sentencing hearing that any "harm" had been caused by his possession of cocaine. He also stresses that the presentence investigation report failed to indicate that any harm had been caused by his possession of the drug. Miller argues that R.C. 2929.14(C)(4)(b) is concerned with harm to identifiable victims, not to general societal interests.

{¶ 18} The State contends that this assignment of error is moot, since a sentencing error has been conceded, and the case will be reversed and remanded for a new sentencing hearing. We agree. On remand, the trial court may decide not to impose

consecutive sentences, and any discussion of Miller's second assignment of error would only be advisory. As we have often said, appellate courts will not provide advisory opinions. *See, e.g., BP Oil Co. v. Dayton Bd. of Zoning Appeals*, 109 Ohio App. 3d 423, 434, 672 N.E.2d 256 (2d Dist.1996); *State v. Jones*, 2017-Ohio-5758, 94 N.E.3d 971, ¶ 10 (2d Dist.).

**{¶ 19}** Based on the preceding discussion, the Second Assignment of Error is overruled as moot.

## IV.   Conclusion

**{¶ 20}** Miller's First Assignment of Error having been sustained as conceded error and his Second Assignment of Error having been overruled as moot, the judgment of the trial court is reversed as to Miller's sentence.   Miller's sentence is vacated, and this cause is remanded for a new sentencing hearing.

. . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Andrew P. Pickering
Richard E. Mayhall
Hon. Richard J. O'Neill