[Cite as *State v. Burks*, 2019-Ohio-3289.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-57 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-663 |
| | : | |
| RICHARD E. BURKS, IV | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of August, 2019.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

ALEKSANDR KOCHANOWSKI, Atty. Reg. No. 0090940, 6302 Kincaid Road, Cincinnati, Ohio 45213
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Richard E. Burks IV appeals from the trial court's revocation of his community control and its imposition of consecutive prison sentences for receiving stolen property and discharging a firearm on or near prohibited premises.

{¶ 2} In his sole assignment of error, Burks challenges the trial court's imposition of consecutive sentences. He argues that the trial court failed to make the findings required for consecutive sentences during his sentencing hearing. He also asserts that the record does not support consecutive sentences.

{¶ 3} The record reflects that Burks pled guilty to the above-referenced charges in October 2017. The trial court accepted the plea and imposed community control sanctions. It advised Burks that if he violated the terms of his community control he faced consecutive prison sentences of 18 months for receiving stolen property and 36 months for discharging a firearm on or near prohibited premises. (November 21, 2017 Sentencing Tr. at 13; December 5, 2017 Judgment Entry of Conviction at 2). The trial court did not address the statutory findings required for consecutive sentences at that time.

{¶ 4} Burks subsequently admitted to violating the conditions of his community control by failing to complete a treatment program. (April 24, 2018 Community Control Violation Hearing Tr. at 6). The trial court revoked community control and imposed consecutive prison terms of 18 months and 36 months. (*Id.* at 9). During a revocation and sentencing hearing, trial court did not make any findings under R.C. 2929.14(C) to support consecutive sentences. In a subsequent April 25, 2018 judgment entry of conviction, the trial court did make such findings. It stated:

> The Court finds that consecutive service is necessary to protect the
> public from future crime or to punish the defendant and that consecutive

sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public, and the Court also finds the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.

(Doc. # 12 at 2).

{¶ 5} On appeal, Burks contends the trial court erred by failing to make the consecutive-sentence findings required by R.C. 2929.14(C) during his revocation and sentencing hearing. He further argues that the record does not support consecutive sentences. According to Burks, his own analysis of the statutory "seriousness" and "recidivism" factors demonstrates that consecutive sentences are unwarranted.

{¶ 6} For its part, the State has conceded error in the trial court's failure to make consecutive-sentence findings during Burks' sentencing hearing upon revoking community control.[1] We agree. "When an offender's community control is revoked and multiple prison terms are imposed for the underlying offenses, the trial court must make the findings under R.C. 2929.14(C)(4) before imposing consecutive sentences at the revocation sentencing hearing." *State v. Artz*, 2d Dist. Champaign No. 2014-CA-34, 2015-Ohio-3789, ¶ 12.

{¶ 7} As for whether the record supports consecutive sentences, that issue is moot. Because a sentencing error has been conceded, Burks' sentence must be vacated

---

[1] We remind the State that pursuant to Second District Loc. R. 2.24, it was required to "file a separate notice of conceded error along with the responsive brief," and provide a copy of the notice to the Court administrator. It did not. The rule's requirement allows this court to provide for expeditious resolution.

and the case must be remanded for a new sentencing hearing. *State v. Miller*, 2d Dist. Clark No. 2017-CA-94, 2018-Ohio-3197, ¶ 18. On remand, the trial court may elect not to impose consecutive sentences. That being so, any discussion now about the propriety of consecutive sentences merely would be advisory.[2] *Id.*

**{¶ 8}** Based on the reasoning set forth above, Burks' assignment of error is sustained. The trial court's judgment is reversed as to his sentence, and the cause is remanded for a new sentencing hearing.

. . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies sent to:

John M. Lintz
Aleksandr Kochanowski
Hon. Richard J. O'Neill

---

[2] In *Miller*, as in the present case, the trial court made the necessary consecutive-sentence findings in its judgment entry but neglected to make all of the findings during the sentencing hearing. *Miller* at ¶ 10, 14. Under those circumstances, we declined to decide whether the record supported consecutive sentences, electing instead simply to reverse and remand for a new sentencing hearing. *Id.* at ¶ 18-20.