[Cite as *State v. Nixon*, 2021-Ohio-3291.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- v -

DAVID A. NIXON,

      Defendant-Appellant.

CASE NOS. **2021-P-0075**
**2021-P-0076**
**2021-P-0082**
**2021-P-0083**

Criminal Appeals from the
Municipal Court, Ravenna Division

Trial Court Nos. 2021 CRA 00990 R
2021 CRA 01410 R

# **M E M O R A N D U M**
# **O P I N I O N**

Decided: September 20, 2021
Judgment: Appeals dismissed

*Victor V. Vigluicci,* Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*David A. Nixon*, pro se, Portage County Jail, 8240 Infirmary Road, Ravenna, OH 44266 (Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1} In Portage County M.C. No. 2021 CRA 00990 R, a criminal complaint for disrupting public services was filed against appellant. In Portage County M.C. No. 2021 CRA 01410 R, a criminal complaint for violating a temporary protection order and theft was filed against appellant.

{¶2} On July 20, 2021, appellant, David A. Nixon, filed notices of appeal in 11th Dist. Portage Nos. 2021-P-0075 [2021 CRA 00990 R] and 2021-P-0076 [2021 CRA

01410 R], from the trial court's July 1 and 2, 2021 entries. In the July 1, 2021 entry, bond was set at $10,000, and in the July 2, 2021 entry, bond was set at $40,000.

{¶3} On August 2, 2021, appellant filed notices of appeal in 11th Dist. Portage Nos. 2021-P-0082 and 2021-P-0083, from the trial court's July 9, 2021 entry in the two underlying cases. In that entry, the trial court dismissed the charges on the motion of the prosecutor, indicating that appellant had been indicted by the Grand Jury.

{¶4} All four appeals were consolidated by this court.

{¶5} A court of appeals is limited to the review of final orders from lower courts. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2953.02.

{¶6} Under R.C. 2505.02(B), there are seven categories of "final orders," and if a trial court's judgment satisfies any of one of them, it will be considered a "final order" which can be immediately appealed and reviewed by a court of appeals. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3.

{¶7} Further, trial court's July 9, 2021 entry dismissing the charges against appellant does not fall under any of the categories in R.C. 2505.02 for being a final appealable order. The State moved to dismiss the charges in the indictment against appellant pursuant to Crim.R. 48, which the trial court granted. As a result, appellant was placed in the same position he was in prior to filing of the State's charges against him. Thus, the July 9, 2021 entry is not a final appealable order. *See City of Hudson/State v. Harger*, 9th Dist. Summit No. 26208, 2012-Ohio-2604, ¶ 8; *State v. Williams*, 9th Dist. Summit No. 25384, 2011-Ohio-6412, ¶ 11.

Case Nos. 2021-P-0075, 2021-P-0076, 2021-P-0082, 2021-P-0083

{¶8} Consequently, any argument concerning the trial court entries of July 1, 2021 and July 2, 2021 setting bond is moot since the trial court cases are no longer pending.

{¶9} Appeals dismissed.


CYNTHIA WESTCOTT RICE, J.,

JOHN J. EKLUND, J.,

concur.