[Cite as *State v. Dean*, 2023-Ohio-268.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF RAVENNA,<br><br>Plaintiff-Appellee,<br><br>- vs -<br><br>RANDY KENNETH DEAN,<br><br>Defendant-Appellant. | CASE NO. 2022-P-0079<br><br>Criminal Appeal from the<br>Municipal Court, Ravenna Division<br><br>Trial Court No. 2022 CRA 00293 R |

# MEMORANDUM
# OPINION

Decided: January 30, 2023
Judgment: Appeal dismissed

*Victor V. Vigluicci*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Randy Kenneth Dean*, pro se, 4618 State Route 43, Kent, OH 44240 (Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} This matter is before this court on the pro se notice of appeal and motion for leave to file a delayed appeal, pursuant to App.R. 5(A), filed by appellant, Randy Kenneth Dean, on December 7, 2022.

{¶2} In the trial court, appellant was charged with burglary. Appellant's notice of appeal indicates that he is appealing a February 23, 2022 entry; however, the final judgment in this case is the March 4, 2022 entry, which dismisses the burglary charge.

{¶3} A timely notice of appeal from the March 4, 2022 entry was due no later than April 4, 2022, which is not a weekend or a holiday. Thus, appellant's appeal is untimely by approximately eight months.

{¶4} No brief or memorandum in opposition to appellant's motion has been filed.

{¶5} App.R. 4(A)(1) states, in part:

{¶6} "* * * [A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within thirty days of that entry."

{¶7} In criminal cases, an appeal may be taken by a defendant with leave of an appellate court after the appeal time has run. App.R. 5(A).

{¶8} An appellate court is limited to the review of final orders from lower courts. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2953.02.

{¶1} Under R.C. 2505.02(B), there are seven categories of "final orders," and if a trial court's judgment satisfies any of one of them, it will be considered a "final order" which can be immediately appealed and reviewed by a court of appeals. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3.

{¶2} The trial court's March 4, 2022 entry dismissing the charge against appellant does not fall under any of the categories in R.C. 2505.02 for being a final appealable order. Because the charge was dismissed, appellant was placed in the same position as he was in prior to the filing of the charge against him. Thus, the entry is not a final appealable order. *See State v. Barna*, 11th Dist. Portage No. 2021-P-0092, 2021-Ohio-3794; *State v. Nixon*, 11th Dist. Portage App. Nos. 2021-P-0075, 2021-P-0076, 2021-P-0082, and 2021-P-0083, 2021-Ohio-3291; *City of Hudson/State v. Harger*, 9th Dist. Summit No. 26208, 2012-Ohio-2604, ¶ 8.

Case No. 2022-P-0079

{¶3} Accordingly, appellant's motion is overruled as moot, and the appeal is dismissed for lack of jurisdiction.

JOHN J. EKLUND, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2022-P-0079