[Cite as *State v. Robinson*, 2025-Ohio-2026.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 30316 |
| Appellee | : | |
| | : | Trial Court Case No. 2016 CR 02654 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| KENDRICK ROBINSON | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on June 6, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.


_____
CHRISTOPHER B. EPLEY, PRESIDING JUDGE



_____
MARY K. HUFFMAN, JUDGE



_____
ROBERT G. HANSEMAN, JUDGE

**OPINION**
MONTGOMERY C.A. No. 30316

KENDRICK ROBINSON, Appellant, Pro Se
MATHIAS H. HECK, JR., by TRISTAN D. DIEGEL, Attorney for Appellee

HANSEMAN, J.

{¶ 1} Defendant-Appellant, Kendrick Robinson, appeals pro se from a trial court order overruling his motion for a "Crim.R. 48" final appealable order. In a single assignment of error, Robinson contends the court abused its discretion in refusing to grant the motion.

{¶ 2} We conclude the trial court did not abuse its discretion in overruling the motion, which asked the court to dismiss three of Robinson's criminal charges with prejudice. The court lacked the ability to do so because it had already dismissed these charges without prejudice years earlier. Robinson's motion was also barred by res judicata, since he filed a direct appeal from the judgment that included dismissal of the charges. In addition, Robinson's current motion, if considered a petition for postconviction relief, was untimely. Furthermore, Robinson previously filed a motion based on the same grounds. After the trial court denied the motion, Robinson failed to appeal. Res judicata, therefore, applied on this basis as well. Accordingly, Robinson's assignment of error lacks merit, and the judgment of the trial court will be affirmed.

I. Facts and course of proceedings

**{¶ 3}** This appeal is from a postconviction motion. The facts underlying the case are as follows. "On September 1, 2016, Robinson was indicted for two counts of kidnapping in violation of R.C. 2905.01(A)(3) and (A)(4), one count of rape in violation of R.C. 2907.02(A)(2), two counts of felonious assault in violation of R.C. 2903.11(A)(1) and (A)(2), and one count of aggravated menacing in violation of R.C. 2903.21(A). Except for aggravated menacing, each of the charges included a repeat violent offender specification." *State v. Robinson*, 2019-Ohio-2943, ¶ 2 (2d Dist.). After Robinson pled not guilty and counsel was appointed, a jury trial was held, beginning on July 18, 2017.

**{¶ 4}** "Following deliberations, the jury found Robinson guilty of both felonious assault charges. However, the jury found Robinson not guilty of aggravated menacing and was unable to reach a verdict on the charges of kidnapping and rape. Because the jury could not reach a verdict on those charges, the trial court declared a mistrial as to the kidnapping and rape charges. The trial court then sentenced Robinson to serve eight years in prison for each count of felonious assault and ten years in prison for the repeat violent offender specification. The trial court ordered the sentences to be served consecutively for a total prison term of 26 years." *Id.* at ¶ 14.

**{¶ 5}** On August 17, 2017, the trial court filed a judgment entry reflecting the sentence, and Robinson filed a notice of appeal (Montgomery C.A. No. 27703). However, we dismissed the appeal due to lack of a final appealable order. This was because three charges remained pending in the trial court, and trial was set for May 7, 2018. *See* Final Judgment Entry (Feb. 14, 2018), p. 1-4.

**{¶ 6}** After the case was remanded, the court continued the trial date to August 20, 2018. However, on August 6, 2018, the State filed a motion asking the court to dismiss Counts 1, 2, and 3 (two kidnapping charges and one rape charge, all with violent offender

specifications). According to the State, the victim was unavailable to testify because a warrant for her arrest was pending, and the State had not been able to find her. The court then filed an entry dismissing only these three charges and specifications. *See* Termination Entry (Aug. 14, 2018). Subsequently, the court filed an amended termination entry repeating the prior sentences and also dismissing Counts 1, 2, and 3 and their attached specifications, without prejudice. Amended Termination Entry (Aug. 23, 2018), p. 1-2. Robinson then appealed (Montgomery C.A. No. 28103).

**{¶ 7}** In his prior appeal, Robinson raised three assignments of error: (1) error in admitting hearsay testimony; (2) ineffective assistance of trial counsel in failing to object to matters during trial and failing to disclose evidence to the State; and (3) lack of sufficient evidence to support his conviction on both felonious assault charges. *Robinson*, 2019-Ohio-2943, at ¶ 1.

**{¶ 8}** After considering the matter, we overruled all three assignments of error and affirmed the judgment. *Id.* at ¶ 92. No further appeal was taken. However, in September 2019, Robinson filed a pro se application for reopening the appeal, claiming ineffective assistance of appellate counsel. After we denied that application, Robinson filed another pro se application for reopening in May 2021, again claiming ineffective assistance of appellate counsel. We denied that application as well because successive applications to reopen are not permitted. Decision and Entry (July 26, 2021).

**{¶ 9}** In April 2022, Robinson filed a Civ.R. 60(B) motion in the trial court, seeking to vacate what he called a "void judgment," based on ineffective assistance of trial counsel. The trial court overruled the motion, finding it untimely and also barred by res judicata because Robinson had raised trial counsel's ineffectiveness on direct appeal. Decision and Entry Overruling Defendant's Motion to Vacate Void Judgment (May 23, 2022), p. 2-3. No

appeal was taken from this decision and entry.

{¶ 10} In May 2024, Robinson filed another motion in the trial court, asking the court to order the State to dismiss Counts 1-3 and 6 and the attached specifications. Referring to the court's "August 17, 2016" Termination Entry (which disposed of counts 4 and 5), Robinson argued the entry was non-final and not a final appealable order. This was a typographical error, as the entry in question was filed on August 17, 2017. The trial court rejected Robinson's motion as moot because the jury had found Robinson not guilty on Count 6, and the August 14 and August 23, 2018 termination entries disposed of the remaining matters. Entry and Order Denying Defendant's Motion to Dismiss Counts 1-3 & 6 W/Specs (June 4, 2024), p. 1-2. Robinson did not appeal from this order.

{¶ 11} Robinson filed another motion on July 10, 2024, asking the trial court to issue a final appealable order on Counts 1-3 so that he could appeal issues associated with those counts. The court denied the motion, noting that dismissal without prejudice is not a final order and that it lacked authority to change the manner in which the charges were dismissed. Decision, Entry and Order Denying Defendant's Motion for Rule 58(B) Final Appealable Order (July 26, 2024). No appeal was taken from this decision.

{¶ 12} Finally, in October 2024, Robinson filed another motion to dismiss Counts 1, 2, and 3, and the specifications for want of prosecution. The motion was based on Crim.R. 48 and the court's ability under Civ.R. 58 to issue judgments. The trial court denied the motion, and Robinson filed a timely notice of appeal.

II. Alleged Abuse of Discretion

{¶ 13} Robinson's sole assignment of error, quoted verbatim, states that:

Trial Court Abused Its Discretion in Denying Defendant's Motion to Dismiss Charges with Prejudice for Want of Prosecution Pursuant to Crim.R. 48(B).

{¶ 14} Under this assignment of error, Robinson contends the order dismissing the case without prejudice was interlocutory, and the court therefore had jurisdiction to consider it. He further complains about the fact that the State has improperly held the charges against him for seven years when the victim was in custody one-and-a-half months after the State filed the motion to dismiss on August 6, 2018. In addition, Robinson argues trial courts have inherent power to dismiss cases for want of prosecution under Crim.R. 48 and that failing to dismiss the case with prejudice would somehow impair his speedy trial rights. In response, the State argues that Robinson's appeal is not ripe for review because it depends on future events (such as reindictment) that may never happen.

{¶ 15} Crim.R. 48(A) provides that "[t]he state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate."  Trial courts have discretion to dismiss charges without prejudice. *Beavers v. State*, 2019-Ohio-3587, ¶ 21 (2d Dist.). "Concerning dismissal with prejudice, we have said that 'since neither Crim.R. 48(A) nor Crim.R. 48(B) expressly provides for a dismissal with prejudice, a dismissal or nolle with prejudice may be entered only where there is a deprivation of a defendant's constitutional or statutory rights, the violation of which would, in and of itself, bar further prosecution.' . . . In other words, a court may enter a dismissal with prejudice, but only if a constitutional or statutory violation bars further prosecution." *Id.*, quoting *State v. Jones*, 2009-Ohio-1957, ¶ 13 (2d Dist.). *Accord State v. Troisi*, 2022-Ohio-3582, ¶ 40.

**{¶ 16}** Furthermore, "[a] criminal defendant typically cannot appeal the dismissal of charges against him without prejudice." *State v. Morgan*, 2012-Ohio-4750, ¶ 9 (2d Dist.), citing *City of Hudson v. Harger*, 2012-Ohio-2604, ¶ 3-8 (9th Dist.). This is because after dismissal, defendants are placed in the same position they occupied before charges were filed. *Id.* at ¶ 8. For this reason, the court found in *Hudson* that the dismissal order was not final and appealable because the defendant did not suffer any substantial harm. *Hudson* at ¶ 8, citing *State v. Williams*, 2011-Ohio-6412, ¶ 8 (9th Dist.). *See also State v. Dickerson*, 1986 WL 8797, *5 (4th Dist. Aug. 13, 1986*); *City of Cleveland v. Mercer*, 2019-Ohio-2231, ¶ 11 (8th Dist.) (dismissal without prejudice deprives appellate court of jurisdiction); *State v. Barna*, 2021-Ohio-3794, ¶ 3 (11th Dist.).

**{¶ 17}** Here, Robinson was not trying to appeal from the dismissal (which was final years ago); instead, he was asking the trial court to modify or reconsider its 2018 order. Nonetheless, the court correctly found it lacked the ability to do so.

**{¶ 18}** The law is well-established that "a court has no authority to reconsider its own valid final judgments in criminal cases." *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 599 (1992), citing *Brook Park v. Necak*, 30 Ohio App.3d 118 (8th Dist. 1986). *Accord State v. Fankle*, 2015-Ohio-1581, ¶ 8 (2d Dist.). "Once a final judgment has been issued pursuant to Crim.R. 32, the trial court's jurisdiction ends." *State v. Gilbert*, 2014-Ohio-4562, ¶ 9. Thus, "a trial court loses jurisdiction to modify its judgment once that judgment has been affirmed on appeal." *State ex rel. Davis v. Janas*, 2020-Ohio-1462, ¶ 11, citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94 (1978). As indicated above, the 2018 judgment, which included the dismissal of charges without prejudice, was a final order of the court. And, after we affirmed that judgment, the trial court lost its ability to modify or change it.

**{¶ 19}** We understand Robinson contends the trial court's judgment of dismissal was interlocutory and could be changed. However, that is simply incorrect. "[I]nterlocutory orders are merged into the final judgment. Thus, an appeal from the final judgment includes all interlocutory orders merged with it." *MacConnell v. Safeco Property*, 2006-Ohio-2910, ¶ 49 (2d Dist.), citing *Shaffer v. OhioHealth Corp.*, 2004-Ohio-6523, ¶ 11-12. Robinson appealed from the judgment that included the dismissals.

**{¶ 20}** As a further matter, Robinson's most recent motion was barred by res judicata. "The doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 2007-Ohio-1102, ¶ 6, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381 (1995). "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *Id.*, citing *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395 (1998). "Issue preclusion, on the other hand, serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies." *Id.* at ¶ 7. Res judicata also includes issues that could have been raised. *State v. Jackson*, 2014-Ohio-3707, ¶ 92.

**{¶ 21}** As we noted, in August 2018, the trial court filed a termination entry and an amended termination entry dismissing the remaining charges against Robinson. Robinson filed an appeal from those entries, and that was the time to challenge the dismissal. However, Robinson failed to do so, and any further attempts to raise this issue were barred by res judicata.

**{¶ 22}** Res judicata also applies based on Robinson's post-appeal filings. After we

affirmed the trial court judgment in 2019, the trial court judgment was final, and any challenges could only be made in accordance with authorized procedures. "Relief from final judgments in criminal cases is confined to the procedures authorized by statute or rule." *Janas*, 2020-Ohio-1462, at ¶ 11, citing *State v. Davis*, 2011-Ohio-5028, ¶ 37. Robinson fully availed himself of these procedures at both trial and appellate levels. In this vein, Robinson first filed an application for reopening his appeal, which was authorized by App.R. 26(B). That motion was rejected, as was a second, successive application for reopening.

{¶ 23} The other avenue for relief would have been a postconviction petition filed under R.C. 2953.21 through R.C. 2953.23. "Under these statutes, any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights (federal or Ohio) may petition the trial court to vacate or set aside the judgment and sentence. R.C. 2953.21(A). A postconviction proceeding is not an appeal of a criminal conviction; it is a collateral civil attack on the judgment." *State v. DeVaughns*, 2017-Ohio-475, ¶ 24 (2d Dist.), citing *State v. Gondor*, 2006-Ohio-6679, ¶ 48.

{¶ 24} As applicable here, when defendants have filed direct appeals of judgments of conviction, they must file petitions for postconviction relief "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication. . . ." R.C. 2953.21(A)(2)(a). Because the trial transcripts in Robinson's direct appeal (Montgomery C.A. No. 28103) were filed on August 29, 2018, any postconviction petition must have been filed no more than 365 days later. Robinson's current motion, filed in October 2024, was clearly untimely.

{¶ 25} "Trial courts lack jurisdiction to consider an untimely or successive petition for post-conviction relief, unless the untimeliness is excused under R.C. 2953.23(A)."

*DeVaughns* at ¶ 25, citing *State v. Current*, 2013-Ohio-1921, ¶ 16 (2d Dist.). Under that statute, "a defendant may not file an untimely or successive petition for post-conviction relief unless (1) he was unavoidably prevented from discovering the facts upon which he relies to present his claim, or (2) the United States Supreme Court recognizes a new federal or state right that applies retroactively to his situation and the petition asserts a claim based on that right. The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder could have found him guilty." *Id.*, citing R.C. 2953.23(A)(1)(a) and (b). None of these requirements were satisfied or even alleged here. Therefore, the trial court lacked jurisdiction to consider the motion.

**{¶ 26}** However, even if Robinson's motion were not considered a postconviction petition, he had previously filed a motion based on the same grounds in July 2024. When the trial court overruled that motion, Robinson did not appeal. Therefore, res judicata applies on that basis as well.

**{¶ 27}** We understand Robinson's claim is that he is unfairly being prevented from contesting the State's dismissal under Crim.R. 48. We also note that even if Robinson had included such a challenge in his 2018 appeal, it likely would not have succeeded, because defendants may not appeal such dismissals. *Morgan*, 2012-Ohio-4750, at ¶ 9 (2d Dist.). While Robinson believes this is unfair, good reasons exist for precluding appeal. As we said, once charges are dismissed, defendants are placed in the same position they occupied before criminal charges were filed. Thus, there is nothing for an appellate court to consider. As we have often stressed, "appellate courts will not provide advisory opinions." (Citations omitted.) *State v. Miller*, 2018-Ohio-3197, ¶ 18 (2d Dist.). If charges are refiled, Robinson may assert any defenses he has at that time, such as the claimed violation of his speedy trial rights.

{¶ 28} Based on the preceding discussion, Robinson's sole assignment of error is overruled.


III. Conclusion

{¶ 29} Robinson's assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


EPLEY, P.J. and HUFFMAN, J., concur.