[Cite as *State v. Crews*, 2020-Ohio-3511.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| ERICK L. CREWS | : | Case No. CT2020-0014 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. CR2018-0506




JUDGMENT:                       Affirmed




DATE OF JUDGMENT:               June 29, 2020




APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

TAYLOR BENNINGTON                     ERICK L. CREWS, PRO SE
27 North Fifth Street                 Ross Correctional Institution
P.O. Box 189                          P.O. Box 7010
Zanesville, OH                        Chillicothe, OH 45601

*Wise, Earle, J.*

{¶ 1}  Defendant-Appellant Erick L. Crews appeals the February 10, 2020 judgment of the Muskingum County Court of Common Pleas which denied his motion for a final appealable order. Plaintiff-Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}  A recitation of the underlying facts is unnecessary for our resolution of this matter. On August 15, 2018, the Muskingum County Grand Jury returned an indictment charging appellant and a co-defendant with various drug trafficking and drug-related offenses. Appellant was named in counts 1, 3, 6, 7, 8, 11, and 12.

{¶ 3}  Relevant to this matter are counts 1, 6 and 7. Count 1 charged appellant with trafficking in cocaine, a felony of the first degree. This count included a forfeiture specification. Count 6 charged appellant with permitting drug abuse, a felony of the fifth degree, and also contained a forfeiture specification. Count 7 charged appellant with engaging in a pattern of corrupt activity, a felony of the first degree. This count contained a major drug offender specification, a firearm specification, and a forfeiture specification.

{¶ 4}  A change of plea hearing was held on May 20, 2019. The state set forth the status of its negotiations with appellant on the record stating appellant was prepared to enter a "plea of guilty to Counts 1 of the indictment as amended and counts 6 and 7 as contained in the indictment." Transcript of plea (TP) at 4. The state further indicated it had agreed "to dismiss counts 11 and 12 and the major drug offender specifications only as contained in counts 1 and 3 of the indictment at the time of sentencing." TP 4.

{¶ 5}  Appellant signed a written plea agreement outlining the agreed upon charges. The agreement was presented to the trial court at the time of appellant's pleas.

Count seven of the agreement made no mention of the firearm specification. Moreover, during the hearing the state made no mention of the firearm specification, nor did the trial court include the specification during appellant's plea colloquy. Appellant entered no plea to the firearm specification, and the state never raised an objection to the same. TP 4, 6-7, 12-13. The matter was set over for sentencing following completion of a presentence investigation.

{¶ 6}   Following the plea hearing, on May 22, 2019 the trial court issued a judgment  entry containing the following language at paragraph three:

> The Court finds the Defendant has had his constitutional rights fully explained to him pursuant to Crim.R. 11, and now asks leave of this Court to withdraw his former plea of "not guilty" and enter a plea of "guilty" to Counts One and Seven as amended and Count Six as contained in the indictment. Pursuant to plea negotiations, the State agrees to nolle Counts Three, Eight, Eleven and Twelve as contained in the indictment and the Major Drug Offender specification attached to Count One and the Firearm Specification attached to Count Seven at the time of sentencing.

{¶ 7}   Neither the state nor appellant objected to this language.

{¶ 8}   Appellant's sentencing hearing was held on July 22, 2019. He was sentenced to an aggregate total of 15 years incarceration. At no point during the

sentencing hearing was the firearm specification mentioned. Likewise, appellant's August 1, 2019 sentencing judgment entry makes no mention of the firearm specification.

{¶ 9} Appellant did not file a direct appeal. Instead, on February 7, 2020, appellant filed a motion requesting the court to issue a final appealable order and conduct a de novo sentencing hearing. Appellant cited the court's failure to dispose of the firearm specification and its failure to address an allegedly mandatory driver's license suspension. The state did not respond. On February 10, 2020, the trial court denied appellant's motion.

{¶ 10} Appellant filed an appeal and the matter is now before this court for consideration. He raises two assignments of error as follow:

I

{¶ 11} "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT CREWS AND VIOLATED HIS DUE PROCESS RIGHTS GUARANTEED TO HIM BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION SIXTEEN OF THE OHIO CONSTITUTION. WHEN THE TRIAL COURT DENIED APPELLANT'S MOTION TO PROVIDE HIM WITH A FINAL APPEALABLE ORDER PURSUANT TO CRIM.R. 32(C) AND R.C. 2505.02 OF THE OHIO REVISED CODE BY DISPOSING OF THE R.C. 2941.141 FIREARM SPECIFICATION ATTENDANT FOR COUNT 7 ENGAGING IN A PATTERN OF CORRUPT ACTIVITY, A FELONY OF THE FIRST DEGREE."

II

{¶ 12} "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT CREWS AND VIOLATED HIS DUE PROCESS RIGHTS

GUARANTEED TO HIM BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION. WHEN THE TRIAL COURT DENIED APPELLANT'S MOTION TO PROVIDE HIM WITH A FINAL APPEALABLE ORDER PURSUANT TO CRIM.R. 32(C) AND R.C. 2505.02 OF THE OHIO REVISED CODE BY DISPOSING OF THE MANDATORY DRIVERS LICENSE SUSPENSION FOR TRAFFICKING IN DRUGS, A FELONY OF THE FIRST DEGREE."

I

{¶ 13} In his first assignment of error Crews argues the trial court erred in denying his motion for a final appealable order because the firearm specification remains unresolved. The state agrees with appellant's argument that the firearm specification remains unresolved and therefore no final appealable order has been issued, but argues this court has no authority to address the matter since there is no final appealable order. Under the facts of this case, we disagree with both parties.

{¶ 14} "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. (Crim.R. 32(C), explained; *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, modified.)" *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d142 (2011) at paragraph one of the syllabus.

{¶ 15} Relevant to this matter, in *State ex rel. Davis v. Cuyahoga Cty Court of Common Pleas*, 127 Ohio St.3d 29, 2010-Ohio-4728, 936 N.E.2d 41 (2010), the Supreme Court of Ohio noted:

As the court of appeals correctly concluded, our holding in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus, "requires a full resolution of those counts *for which there were convictions*. It does not require a reiteration of those counts and specifications for which there were no convictions, but were resolved in other ways, such as dismissals, nolled counts, or not guilty findings." (Emphasis added.) *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, Cuyahoga App. No. 93814, 2010-Ohio-1066, 2010 WL 972808, ¶ 8."

*Id.* at ¶ 2.

{¶ 16} It is axiomatic that a court speaks only through its judgment entries. In this matter, the judgment entry following appellant's pleas of guilty indicates the state agreed to nolle the firearm specification. The state never disputed this fact. Indeed, the written plea agreement, presumably created by the state and signed by appellant, does not include the firearm specification in the list of offenses to which appellant agreed to enter pleas of guilty.

{¶ 17} Accordingly, contrary to the arguments of the parties, we find the firearm specification was nolled by the state. The trial court therefore issued a final appealable order on August 1, 2019. The first assignment of error is overruled.

II

{¶ 18} In his second assignment of error, appellant argues that because the trial court was required to suspend his driver's license and failed to do so, his sentencing judgment entry is not a final appealable order. We disagree.

{¶ 19} Appellant was convicted of trafficking in drugs pursuant to R.C. 2925.03(A)(1). In regard to license suspension, the version of R.C. 2925.03(D) in effect when appellant entered his guilty pleas provides:

> (D) In addition to any prison term authorized or required by division (C) of this section and sections 2929.13 and 2929.14 of the Revised Code, and in addition to any other sanction imposed for the offense under this section or sections 2929.11 to 2929.18 of the Revised Code, the court that sentences an offender who is convicted of or pleads guilty to a violation of division (A) of this section *may* suspend the driver's or commercial driver's license or permit of the offender in accordance with division (G) of this section.

Emphasis added.

{¶ 20} Because this section includes discretionary language, the trial court was not required to suspend appellant's driver's license. Accordingly, the second assignment of error is overruled.

{¶ 21} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Wise, John, J. concur.

EEW/rw