**[Cite as *State v. Crews*, 2021-Ohio-3799.]**

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| ERICK L. CREWS, | : | Case No. CT2021-0011 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                                        Court of Common Pleas, Case No.
                                                        CR-2018-0506


JUDGMENT:                                       Affirmed


DATE OF JUDGMENT:                        October 21, 2021


APPEARANCES:

For Plaintiff-Appellee                            For Defendant-Appellant

RONALD L. WELCH                            ERICK L. CREWS, Pro Se
Prosecuting Attorney                           Inmate Number A765-225
Muskingum County, Ohio                     Ross Correctional Institution
                                                           P.O. Box 7010
By: TAYLOR P. BENNINGTON           Chillicothe, Ohio 45601
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702-0189

*Baldwin, P.J.*

{¶1}    Defendant-Appellant Erick L. Crews appeals from the February 3, 2021 Order of the Muskingum County Court of Common Pleas which granted plaintiff-appellee State of Ohio's Motion to Dismiss.

FACTS AND PROCEDURAL HISTORY

{¶2}    A recitation of the underlying facts is unnecessary for our resolution of this matter. On August 15, 2018, the Muskingum County Grand Jury returned an indictment charging appellant and a co-defendant with various drug trafficking and drug-related offenses. Appellant was named in counts 1, 3, 6, 7, 8, 11, and 12.

{¶3}    Counts 1 and 3 charged appellant with trafficking in cocaine, a felony of the first degree. Both counts included a forfeiture specification. Count 6 charged appellant with permitting drug abuse, a felony of the fifth degree, and also contained a forfeiture specification. Count 7 charged appellant with engaging in a pattern of corrupt activity, a felony of the first degree. This count contained a major drug offender specification, a firearm specification, and a forfeiture specification. Count 11 charged appellant with having a weapons while under disability, a felony of the third degree, and Count 12 charged appellant with possession of drugs (methamphetamines), a felony of the third degree. This Count also contained a firearm specification.

{¶4}    A change of plea hearing was held on May 20, 2019. The state set forth the status of its negotiations with appellant on the record stating appellant was prepared to enter a "plea of guilty to Counts 1 of the indictment as amended and counts 6 and 7 as contained in the indictment." Transcript of plea (TP) at 4. The state further indicated it had

agreed "to dismiss counts 11 and 12 and the major drug offender specifications only as contained in counts 1 and 3 of the indictment at the time of sentencing." TP 4.

**{¶5}** Appellant signed a written plea agreement outlining the agreed upon charges. The agreement was presented to the trial court at the time of appellant's pleas. Count seven of the agreement made no mention of the firearm specification. Moreover, during the hearing the state made no mention of the firearm specification, nor did the trial court include the specification during appellant's plea colloquy. Appellant entered no plea to the firearm specification, and the state never raised an objection to the same. TP 4, 6-7, 12-13. The matter was set over for sentencing following completion of a presentence investigation.

**{¶6}** Following the plea hearing, on May 22, 2019 the trial court issued a judgment entry containing the following language at paragraph three:

The Court finds the Defendant has had his constitutional rights fully explained to him pursuant to Crim.R. 11, and now asks leave of this Court to withdraw his former plea of "not guilty" and enter a plea of "guilty" to Counts One and Seven as amended and Count Six as contained in the indictment. Pursuant to plea negotiations, the State agrees to nolle Counts Three, Eight, Eleven and Twelve as contained in the indictment and the Major Drug Offender Specification attached to Count One and the Firearm Specification attached to Count Seven at the time of sentencing.

**{¶7}** Neither the state nor appellant objected to this language.

**{¶8}** Appellant's sentencing hearing was held on July 22, 2019. He was sentenced to an aggregate total of 15 years incarceration. At no point during the

sentencing hearing was the firearm specification mentioned. Likewise, appellant's August 1, 2019 sentencing judgment entry makes no mention of the firearm specification.

{¶9} Appellant did not file a direct appeal. Instead, on February 7, 2020, appellant filed a motion requesting the court to issue a final appealable order and conduct a de novo sentencing hearing. Appellant cited the court's failure to dispose of the firearm specification and its failure to address an allegedly mandatory driver's license suspension. The state did not respond. On February 10, 2020, the trial court denied appellant's motion.

{¶10} Appellant then filed an appeal, raising the following two assignments of error:

{¶11} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT CREWS AND VIOLATED HIS DUE PROCESS RIGHTS GUARANTEED TO HIM BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION SIXTEEN OF THE OHIO CONSTITUTION. WHEN THE TRIAL COURT DENIED APPELLANT'S MOTION TO PROVIDE HIM WITH A FINAL APPEALABLE ORDER PURSUANT TO CRIM.R. 32(C) AND R.C. 2505.02 OF THE OHIO REVISED CODE BY DISPOSING OF THE R.C. 2941.141 FIREARM SPECIFICATION ATTENDANT FOR COUNT 7 ENGAGING IN A PATTERN OF CORRUPT ACTIVITY, A FELONY OF THE FIRST DEGREE."

{¶12} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT CREWS AND VIOLATED HIS DUE PROCESS RIGHTS GUARANTEED TO HIM BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION. WHEN THE TRIAL COURT DENIED APPELLANT'S

MOTION TO PROVIDE HIM WITH A FINAL APPEALABLE ORDER PURSUANT TO CRIM.R. 32(C) AND R.C. 2505.02 OF THE OHIO REVISED CODE BY DISPOSING OF THE MANDATORY DRIVERS LICENSE SUSPENSION FOR TRAFFICKING IN DRUGS, A FELONY OF THE FIRST DEGREE."

{¶13} While the appeal was pending, appellant, on April 1, 2020, filed a motion asking the trial court to schedule a trial upon the undisposed charges/counts in the indictment.

{¶14} Pursuant to an Opinion filed on June 29, 2020 in *State v. Crews,* Muskingum App. No. CT2020-0014, 2020-Ohio-3511, this Court affirmed the February 10, 2020 judgment of the trial court, finding, in part, that there was a final appealable order.

{¶15} Appellee, on February 3, 2021, filed a Motion to Dismiss the Major Drug Offender Specification and firearm specifications attached to specified counts in the indictment as part of plea negotiations and in the interest of justice. The trial court, pursuant to an Order filed on February 3, 2021, granted the motion.

{¶16} Appellant now appeals, raising the following assignments of error on appeal:

{¶17} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S FUNDAMENTAL RIGHT TO BE PRESENT IN OPEN COURT AT ALL CRITICAL STAGES OF HIS CRIMINAL PROCEEDINGS UNDER CRIM.R. 43(A) WHEN THE TRIAL COURT PERMITTED THE STATE TO DISMISS COUNTS AND SPECIFICATIONS IN THE INDICTMENT AND NOT IN OPEN COURT IN THE PRESENCE OF APPELLANT."

**{¶18}** "II. THE TRIAL COURT ERRED IN NOT SCHEDULING [A] TRIAL DATE UPON UNDISPOSED CHARGES/COUNTS IN THE INDICTMENT UNDER R.C. [SECTION] 2945.02 OF THE OHIO REVISED CODE."

**{¶19}** "III. THE TRIAL COURT ERRED WHEN IT RENDERED TWO SEPARATE JUDGMENT ORDER ENTRIES UNDER THE SAME CASE NUMBER IN VIOLATION OF THE BAKER ONE DOCUMENT RULE, CRIM.R. 32(C) AND ORC [SECTION] 2505.02, THUS RENDERING THE JUDGMENT ORDER NON FINAL APPEALABLE ORDERS."

I, II, III

**{¶20}** Appellant is appealing from the trial court's February 3, 2021 Order granting appellee's February 3, 2021 Motion to Dismiss "Major Drug Offender Specification attached to Count One, the Firearm Specification attached to Count Seven and Counts Three Eight, Eleven and Twelve…"

**{¶21}** The trial court's February 3, 2021 Order dismissing specifications against appellant does not fall under any of the categories in R.C. 2505.02 for being a final appealable order. The State moved to dismiss the specifications in the indictment against appellant which the trial court granted. As a result, appellant was placed in the same position that he was in prior to filing of the State's charges against him. Thus, the February 3, 2021 Order is not a Final Appealable order.  See City of *Hudson/State v. Harger,* 9th Dist. Summit No. 26208, 2012-Ohio-2604, ¶ 8; *State v. Williams*, 9th Dist. Summit No. 25384, 2011-Ohio-6412, ¶ 11 and State v. Nixon, Portage Nos. 2021-P-0075, 2021-P-0076, 2021-P-0082, 2021-P-0083, 2021-Ohio-3291*, ¶ 7.*

**{¶22}** Moreover, appellant claims that his right to be present at all critical stages of the proceedings pursuant to Crim.R. 43 was violated because some charges and

counts contained in the indictment remained unresolved. Appellant further claims that the trial court erred by not scheduling a trial date upon undisposed counts in the indictment. However, as part of his plea agreement, appellant entered a plea of guilty to three of the charges. Pursuant to the plea negotiations, appellee agreed to nolle the remaining counts and specifications. As noted by appellee, the written plea agreement, which appellant signed on May 20, 2019, only lists the three charges and the specifications to which appellant pled and does not include the counts and specifications that he claims are unresolved. It can, therefore, be concluded that the same were dismissed by appellee. Subsequently, on February 3, 2021, those counts and specifications were dismissed.

**{¶23}** Finally, while appellant asserts that there was no final appealable order in this case because the trial court violated the one document rule set forth in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, ¶ 17. Appellant argues that there was both the August 1, 2019 sentencing Entry and the trial court's February 3, 2021 Order granting the Motion to Dismiss, this Court, in our Opinion filed on June 29, 2020 in *State v. Crews,* Muskingum App. No. CT2020-0014, 2020-Ohio-3511, specifically held, in part, that the trial court had issued a final appealable order on August 1, 2019.

**{¶24}** Appellant's three assignments of error are, therefore, overruled.

**{¶25}** Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Hoffman, J. and

Delaney, J. concur.